The **TRAVELERS INSURANCE COMPANY, a Connecticut Corporation, Plaintiff,**

v.

**NORWEST BANK ROCHESTER N.A., a National Banking Corporation, and Frank E. Benn, Defendants.**

No. Civ. 4–88–832.

United States District Court, D. Minnesota, Fourth Division.

Feb. 23, 1989.

---

James Z. Beitz, Hagerty & Candell, Minneapolis, Minn., for plaintiff.

John B. Arnold, Michaels, Seeger, Rosenblad & Arnold, Rochester, Minn., for defendant Norwest Bank.

Samuel Walker, St. Paul, Minn., for defendant Benn.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Travelers Insurance Co. (Travelers) brings this interpleader action pursuant to 28 U.S.C. § 1335 and Fed.R.Civ.P. 22. The action involves competing claims to the right to purchase approximately 840 acres of farmland in Wabasha County, Minnesota. Defendants are Norwest Bank Rochester, N.A. (Norwest), and Frank E. Benn (Benn). Each defendant has counterclaimed for specific performance of the contract to sell the land; Benn also seeks money damages. Jurisdiction is alleged pursuant to 28 U.S.C. § 1335.[1] Presently before the court are several motions. Travelers moves to be dismissed from the action once defendants post money in escrow, and moves to dismiss Benn's counterclaim for money damages. Both of the defendants move for summary judgment on their counterclaims.

The facts are undisputed, and the parties agree that the dispute should be resolved on these cross motions. Before 1985 the farmland in dispute was owned and farmed by Dorance and Patsy Gerken.[2] They gave a first mortgage on the land to Travelers in 1976 as security for a loan. In 1984 the Gerkens gave a second mortgage to Norwest, subordinate to Travelers' mortgage. In 1985 the Gerkens quitclaimed the land to Norwest as part of a debt restructuring. In 1986 Travelers foreclosed on its superior mortgage and took possession of the land after purchasing it at a sheriff's sale for the amount of the secured debt. There was no redemption within the statutory period. Since 1986 Travelers has possessed title to the farmland and has leased it to local farmers.

On February 12, 1988 Benn made an offer to Travelers to purchase the farmland for $420,000. Pursuant to Minn.Stat. § 500.24 subd. 6, Travelers was required to

---

1. Diversity jurisdiction is proper in an interpleader action if two or more of the adverse claimants have diverse citizenship and the amount in controversy exceeds $500. Norwest is a federally chartered bank doing business in Minnesota. Benn is a citizen of Florida.

2. The legal descriptions of the parcels are stated in the complaint and attachments. The court adopts those descriptions.

give notice of the offer to the immediately preceding former owner.[3] Travelers performed a title search and determined that Norwest was the immediately preceding former owner. It gave Norwest the notice required by statute, along with an offer of first refusal. Norwest accepted the offer to purchase the land at the same terms offered by Benn. It agreed to pay $80,000 earnest money, with the balance of $340,000 due at closing. Both Norwest and Benn have forwarded $80,000 of earnest money. They both claim that they remain willing and able to come up with the balance of the purchase price in a short period of time once it is clear which party is entitled to purchase the farmland.

Benn opposes the sale to Norwest. He asserts that Norwest should not be considered the immediately preceding former owner since it is a financial corporation and is generally barred by statute from owning farmland. Norwest argues that it has properly exercised its statutory right of first refusal and is entitled to buy the land. Travelers wants to dispose of the land, but believes that a sale to either party will expose it to a suit from the unsuccessful defendant unless the court resolves the underlying legal dispute.

■ The notice and right of first refusal which Travelers offered to Norwest is required by Minn.Stat. § 500.24 subd 6. Under that statute Norwest is entitled to match any other offer and buy the farmland if it is the "immediately preceding former owner." *Id.* Benn does not dispute that Norwest obtained the property through a quitclaim deed and was the last recorded owner of the farmland immediately prior to Travelers' foreclosure of its mortgage. Benn argues, however, that the legislative intent underlying this right of first refusal is to aid financially troubled farmers in repurchasing the family farm, and should not benefit Norwest. He contends that the phrase "immediately preceding former owner" should be interpreted to exclude financial institutions such as Norwest. He apparently believes that the statute requires that the right of first refusal be extended only to persons or family farm corporations.

The statute does not permit the interpretation proposed by Benn. The language unambiguously requires notice to the immediately preceding former owner, not the last family farmer. *Accord McKernan v. Equitable Life Assurance Asso.*, No. C–88–271 slip op. at 2–3 (D.Ct. Filmore County, Minnesota, August 8, 1988). The statute is unambiguous and not subject to interpretation. The narrow interpretation proposed by Benn is not convincing in any event. The language of the statute considered in its entirety suggests that the legislature chose not to limit the application of § 500.24 only to persons or farm corporations. Section 500.24 subd 6(b) as it has been amended in 1988 defines the immediately preceding former owner as "the *entity* with record legal title ... before acquisition by [the corporation currently offering the land for sale], except if the immediately preceding former owner is a bankruptcy estate, the debtor in bankruptcy is the immediately preceding former owner...." *Id.* (emphasis added). The legislature therefore has considered that at times farmland is owned by other than family farmers, and chose not to make exceptions to the clear meaning of "immediately preceding former owners," except for bankruptcy estates.

**3.** The relevant portion of § 500.24 effective at the time of the competing offers to purchase is as follows:

Subd. 6. **Disposal of Land.** (a) A state or federal agency, limited partnership, or a corporation, other than a family farm corporation or an authorized farm corporation, may not lease or sell agricultural land or a farm homestead that was acquired by enforcing a debt against the agricultural land or farm homestead, including foreclosure of a mortgage, accepting a deed in lieu of foreclosure, terminating a contract for deed, or accepting a deed in lieu of terminating a contract for deed, before offering or making a good faith effort to offer the land for sale or lease to the *immediately preceding former owner* at a price no higher than the highest price offered by a third party that is acceptable to the seller or lessor.

Minn.Stat. § 500.24 subd. 6 (1987) (emphasis added) (subsequently amended but this language remains, *see* Minnesota Laws 1988, c. 700 subd. 6).

■ Benn also contends that Norwest should not be entitled to purchase the disputed property because of the statutory prohibition against corporate ownership of farmland. Minn.Stat. § 500.24 subd. 3(i).[4] The statute cited by Benn contains an express exception for title acquired through collection of a debt or enforcement of a mortgage. The parties do not dispute that Norwest obtained title from the Gerkens through a quitclaim deed as part of the renegotiation of their debt. Norwest falls squarely in the exception of § 500.24 subd. 3(i) and is not barred from acquiring title, within the other restrictions and time limits set forth in the statute.

Travelers therefore correctly presented to Norwest the offer to purchase the property on the terms proposed by Benn. Norwest was acting within its statutory right when it accepted the terms, and it is entitled to purchase the .farmland.

Benn undoubtedly is frustrated that his purchase offer has been superceded by Norwest. That outcome is consistent, however, with the statute's stated purpose to "encourage and protect the family farm as a basic economic unit, to insure it as the most socially desirable mode of agricultural production...." Minn.Stat. § 500.24 subd. 1. The legislature has encouraged more aggressive lending by community banks to financially troubled farmers, and desires that banks engage in debt restructuring. To accomplish that, banks are entitled to secure their loans in an effective manner, particularly when the mortgage is subordinate, as Norwest's was here.

■ Benn's counterclaim against Travelers demands specific performance of the contract for sale, and damages of $5,000; or in the alternative $420,000 in damages from Travelers. Travelers moves to dismiss that counterclaim. Its motion should be granted. Benn is not entitled to specific performance of the purported sales agreement for the reasons already stated. Moreover, the contract between Travelers and Benn was expressly subject to the right of first refusal of § 500.24 which, if exercised, rendered the contract void. *See* sales contract, paragraph 25, Complaint, exhibit A. Benn has provided nothing suggesting a factual or legal basis for any award of monetary damages, and his counterclaim should be dismissed. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See* Fed.R.Civ.P. 12(b)(6) (motion to dismiss which considers matters outside of the pleadings is treated as motion for summary judgment).

■ Travelers seeks attorney's fees and costs for bringing this interpleader action. Travelers acknowledges that it faced the threat of a lawsuit from both Norwest and Benn. This interpleader action is an efficient way for Travelers to resolve the dispute and to avoid broader exposure. Neither the interpleader statute, 28 U.S.C. § 1335, nor Fed.R.Civ.P. 22 provide for attorney's fees to the stake-holder who files the interpleader complaint. Travelers has not suggested nor shown that the legal position taken by either defendant was not "grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Fed.R.Civ.P. 11. Under all the circumstances, no attorney's fees or costs should be awarded to any party.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The motion of defendant Norwest Bank Rochester, N.A. for summary judg-

---

4. Subd. 3. **Farming and ownership of agricultural land by corporations restricted.** No corporation, pension or investment fund, or limited partnership shall engage in farming, nor shall any corporation, pension or investment fund, or limited partnership, directly or indirectly, own, acquire, or otherwise obtain an interest, whether legal, beneficial or otherwise, in any title to real estate used for farming or capable of being used for farming in this state. [Except for]

(i) Agricultural lands acquired by a pension or investment fund or a corporation or limited partnership by process of law in the collection of debts, or by any procedure for the enforcement of a lien or claim thereon, whether created by mortgage or otherwise....

Minn.Stat. § 500.24 subd. 3(i) (1988).

ment against Travelers Insurance Company is granted, and Travelers Insurance Co. shall issue to Norwest the deeds to the disputed agricultural land upon the deposit to Travelers, by Norwest, of $340,000.

2. The motion of defendant Frank E. Benn for summary judgment against Travelers is denied, and his counterclaim for specific performance, money damages and attorney's fees is dismissed.

3. Travelers motion to be dismissed is granted; its motion for attorney's fees and costs is denied.

4. The court will retain jurisdiction for 21 days to reopen if Norwest does not follow through on its purchase commitment or for other good cause.

5. The parties shall bear their own costs.

LET JUDGMENT BE ENTERED ACCORDINGLY.